Lansing, Ch. J.
delivered the opinion of the court. The
determination of this question depends upon the construction of the statute of this state,; passed the 19th March, 1787. The second section provides, that no judgment shall affect any lands or tenements, as to purchasers or mortgagees, but from the time of filing the roll;. and ;the third sectiofi extends the provision to the time of docketing. These sections are transcripts of the statutes of 29 Car. II. c.13, 14, and 4 and 5 Wm. and Mary, c. 20, but the section which precedes them, subjecting all lands, tenements and real estate of debt, ors, to be sold for the satisfaction of their debts, on execution, is a departure from-.the English law.
When this question was first presented, I had doubts whether the docketing of the judgment did not bind the interest of. a tenant.for years, as comprised within the terms lands, tenements, dr hereditaments. If it did, the delivery of the fi.fa. in this instance, could only operate upon White’s remaining property, the mere personal chattels. The word tenement in legal signification, is appropriate to real [*225]- estate,'and imports every thing that may be *holden if it be of a permanent nature; hence it is construed to be a term more comprehensive than land.. This, however, is merely a restraining statute. It creates" no positive; rule on the subject. It purports to restrain the operation of the law already in existénce; and to enable us to give it a proper interpretation, it is necessary to examine what was held1 to be the'law, before the passing of- the statute Of 29 Car. II. This appears from Fleetwood’s case, 8 Co. 171, in which it is laid down, that a bona fide sale of a term for years, after a judgment, is. good; but not after execution awarded, and for this" is cited 2 Roll. 157, and several cases from the Year Books. (2 Hen. IV. 14; 11 Hen. IV. 7; 9 Hen. VI, 58.) This shows how the law stood before the statute. "
In the case of Burden v. Kennedy, (3 Atk. 739,) Lord Chancellor Hardwicke held, that a leasehold estate was affected *271 by a fieri facias lodged in the sheriff’s office. This was a long time after the English statutes first above mentioned were passed, and it shows that the same doctrine as to this point, had prevailed both before and after the passing of those statutes.
We are, therefore, of opinion that the docketing of the judgment does not bind a term for years, and that the plaintiff take nothing by his motion.(a)
Rule refused.

 See 1 Cruise, Dig. 183. 1 Hilliard Ab. 122. But by 2 R. S. 2d edit. 282, § 3. “ All judgments hereafter rehdered in any court of record, shall bind, and be a charge upon the lands, tenements, real estate and chattels real of every person against whom any such judgment shall be rendered, which such person may have at the time of docketing such judgment, or which such person shall acquire at any time thereafter ; and such real estate and chattels real, shall be subject to besold upon execution to be issued on such judgment.” The R. L. 500, § 1, f Act of April 2, 1813,) made judgments liens upon all “ lands, .tenements and real estate ” of the party. See also Gra. Frac. 2d edit. 343.