By the Court,

Cowen, J.
The provisions of the statute (2 JZ. S. 370, et seq.), are, that upon the sale of real estate, the sheriff shall furnish a certificate to the purchaser, stating, among other things, the time when he will be entitled to a conveyance. § 42. Within one year, the real estate so sold may be redeemed by the execution debtor, his devisee or heirs, or grantee. §45, 46, 47. Upon payment by any person so entitled to redeem the real estate so sold, the sale is declared void. § 49. The subsequent sections, in default of such redemption within the year by the debtor, his grantee, &c., extend the right to creditors who have a degree or judgment, which is a lien on the premises sold.
The words real estate, used in the statute as the subject of redemption, comprehended lands, tenements and hereditaments (2 Black. Comm. 16; Co. Lit., 4, a. to 6 b.). It was assumed in Vredenburgh v. Morris (1 Johns. Cas. 223), A. D. 1800, that the word tenements would include terms for years; and that had the then statute positively subjected real estate to the lien of a judgment by these words, a chattel real would have been bound without execution. The revised statutes of 1813 (1 R. L. 500), declared the lien by the words lands, tenements and real estate; but the alteration was overlooked in the subsequent cases. The judges took the law still to remain as it was in 1800; and proceeded upon the authority of Vredenburgh v. Morris. In Putnam v. Wescott (19 Johns. R. 73), counsel disputed whether a term for years was a tenement. The court do not undertake to set them right, but go on and reason from the law as laid down in the former cases. The statute alteration is disregarded; and the strong tendency of the opinion delivered by Spencer, Ch., J., is to take terms for years from among chattel interests, and place them with real estate, at least so far as the law of executions was concerned. Then came the case of Merry v. Hallett (2 Cowen, 497), upon the statute for redeeming lands as it was first enacted (Sess. 43, ch. 184, p. 167). [676] Still, overlooking the alteration in the statute of liens, the court assumed that Vredenburgh v. Morris was yet law, and that the word tenement included terms for years. The redemption statute, therefore, giving the judgment debtor a right to redeem liis tenements sold, the case infers that he might redeem a term; but the provisions of the statute in favor of judgment creditors coming in to redeem upon default of the debtor, extended only to such whose judgments were liens. They therefore derived no benefit from’ the act. Had the court adverted to the alteration of the statute of 1813, they would have seen that their own premises would have
*379 given a right to redeem, hoth to debtor and creditor, the same as if the estate of the former had been one of inheritance. Taking our definition of the words real estate from these authorities, there is no doubt that the provisions of the present statute would comprehend terms for years; but the definition thus assumed was a departure from the common law, and has been so expressly treated by our present revised statute relative to liens and redemption.
No doubt the notion, that tenements comprehended chattels real, was taken in Vredenburgh v. Morris from the very general words of Blackstone (2 Black. Comm. 16, 17), who says, “ that it includes every thing that may be holden, provided it be of a permanent nature.” But none of his illustrations given at the same pages go so far; and the generality of his phrases is still more plainly restricted by (Co. Litt. 6, a.), to which he refers. Coke’s words are “ Tenementum, tenement is a large word to pass not only lands and other inheritances which are holden, but also offices, rents, commons, profits, apprendre out of lands, and the like wherin a man hath any frank tenement, and wherof he is seized ut de libero et tenemento.” The illustrations of the same writer (Co. Litt. 19 and 20, a.), show also that the term in its technical sense is confined to freeholds. Perkins’ § 114, is to the same effect. Preston on Estates, 8, 9, is very full in his examples, all of which are confined to freeholds; indeed, terms for years are expressly excluded. Wood’s Inst. 114, also contain a very full enumeration to the same effect. Black- [677] stone himself excludes terms for years, by so many words, at another place (2 Black. Comm. 386; 7 Co. Litt. 118, b. S. P.). Speaking of lease-holds for years, he says, “ they are called real chattels as being interests issuing out of or annexed to real estates, of which they have one quality, viz. immobility, which denominates them real, but want the other, viz. a sufficient, legal, indeterminate duration; and this want it is which constitutes them chattels. A .freehold, which alone is real estate, is conveyed by corporal investiture and livery of seizin.”
The present revised statutes have evidently come back to the English definition of the word tenements. The word real estate alone is used, as we have seen to designate the subject of redemption. That of itself would be inconclusive; for we have also seen that our. own definition of those words which include tenements would embrace terms for years; and then the statute of liens coming in (2 R. S. 359, § 3), which are expressly extended to terms for years the termor and his judgment creditor would both have the right to redeem. But going into the context of the present redemption statute, we have much to show that the legislature did not mean this. I have already recited its material provisions. We have seen that within a year not only the execution debtor himself may redeem, but all others claiming under him, yet it is only his grantee, devisee or heir—not his assignee, legatee or executors and administrators. Words are used which can alone be applied to real estate in its strictest sense. Going back to other statutes in pari materia, we have an express legislative declaration. In designating the kind of property which is subject to a lien by judgment, the statute adopts different words (2 R. S. 359, § 3). They are thus: “All judgments, &c. shall bind and be a charge upon the lands, tenements, real estate and chattels real,” &c. On introducing this section, the revisors italicize chattels real, adding a note that they are new, and conformable to “chapter 1 of this part.” The reference is to section 70 of that chapter corresponding to § 96, 2 R. S. 182, declaring that “Every final decree, &c., in the court of chancery, directing the payment of any debt, &c., shall bind and be a charge upon the lands, tenements, real estate and chattels real,” &c. [678] To this section is added a note, in these words: “The expression ‘chattels real,’ inserted in order to reach leases for years, which are not within the present law, and form an anomalous case (Vide 1 Johns. Cas. 223; 19 *380 Johns. R. 73; 2 Cowen, 497).” Here we have a reference to all the eases touching this question in our own reports, and also to the statute of liens as it then stood. By the words present law, in their note, the revisers meant the 1 R. L. of 1813, p. 500; the statute concerning judgments and executions. The words there are very full. It is enacted (§ 1), “That all and singular, the lands, tenements and real estate of any person against whom any judgment shall have been obtained in any court of record, for any debt, &e., shall be subject to be sold on execution, &c. upon such judgment; and the said judgment shall be a lien on such lands, tenements and real estate. After this it need not be insisted, for it is self-evident that the revisers understood the words tenements and real estate as being used in that statute according to their old common law import, and not as extending to terms for years. They therefore add words in the new statute which plainly do comprehend that interest. They are followed in this by the legislature, so far as they speak of the lien of decrees and judgments. But when they come to the sale and redemption of lands under execution, they adopt words which they have before expressly told us exclude terms for years; and passing onto the context their intent is still further manifested, as we have seen by other provisions applicable to freeholds alone, and utterly incompatible with a system of redemption intended for leaseholders.
Stopping here, all doubt would seem to be removed. • But there are other considerations of very great force. The application of the provisions of the statute to terms for years would be utterly impracticable. What are those terms ? A very great proportion, if not a majority, are but annual interests. Some are for months or weeks only; all chattels real; all ranking as terms for years, and so styled in legal proceedings (2 Black. Comm. 140, [679] 141). Yet the statute of redemption gives indiscriminately, first a year for the owner, his grantee, devisee or heir to redeem. On his failure within that time, a junior judgment creditor may come in and take the purchase within three months. The sheriff is to declare in his certificate, on the real estate being knocked down, when the purchaser will be entitled to a conveyance. And at the expiration of the fifteen months, on the default of the owner, &c., and his judgment creditors, the sheriff is to execute a conveyance to the purchaser. In the mean time, the sale is a mere lien (2 R. S. 370 to 374). Again, if the person entitled to the conveyance at the expiration of fifteen months shall have died, the conveyance shall be to his executors, &e., who are made trustees for the heirs of the deceased, subject to the dower of his widow (§ 63, 64). Not one of these provisions can possibly be predicated of a term, or the residue of a term, for less than a year; and many of them standing as they do without qualification or any express adaptation to terms for years, could never be applied to a chattel real, whatever may be the duration of the interest. Looking at this system of liens and redemption, and seeing that the attention of the legislature was expressly drawn to the distinction between freeholds and terms, with the course of previous legislation and decision on that distinction, no question can remain that all such terms were intended to be left like other chattels, to an immediate sale and assignment by execution. The only point in which they are made to resemble freeholds is in subjecting them to the lien of the judgment. On the case as it comes here, it was the plain duty of the late sheriff of New York to assign the term in question on payment of the purchase money.
The question was anticipated in argument, whether we have power to act by mandamus on this sale under the C. P. execution. It was assumed that we have that power, and I should think so on the first impression. This whole case, however, comes here on an ex parte application. There is no appearance for the sheriff by counsel, nor do I perceive among the papers *381 any proof of notice to him that this application would be made. The case comes on the same papers which were before the C. P. on the motion for an attachment; and therefore supposing the case would not be varied, I have examined it on the ex parte argument, with such additional thoughts and authorities as occurred to me; still, for aught I know the case may be varied on a more full hearing. The parties interested to oppose may desire to be heard on the preliminary question, and something beyond what I can anticipate may have arisen to change the merits. They may also be desirous to put the case in a course of pleading with a view to a writ of error. On issue or demurrer the whole would come up in more solemn form, and the main point is certainly an important one. Therefore, although I feel quite clear as the case now stands, let an alternative mandamus go; it should not now be made peremptory.
S. Stevens, for the relator, asked for a peremptory writ.
M. T. Reynolds & T. R. Green, contra.
On the coming in of the return to the alternative mandamus, which did not essentially vary the facts from what they appeared on the motion in November.

By the Court,

Cowen, J.
This question came before me sitting alone at the special term in November. I examined and thought of it a good deal myself, and much conversation passed among all the judges, before I directed the alternative. I also made notes of an opinion, which gives not only the result, but mainly, if not entirely, the reasons in which we joined. The question was important, and not without some difficulty; but in the end we felt quite clear that the redemption statute does not apply to a term for years.
We thought in the first place that the words in the statute itself, in their better construction, would not comprehend a term for years; and we believed this construction, to be very strongly fortified by the collateral [68Í] provisions of the same statute; and in several statutes in pari materia, especially those respecting liens. I am now referred to one or two additional provisions of the latter character, but to no authority beyond what we examined. I at first thought I should reserve this case for further consultation, but on looking into it I think the additional references and arguments are not of such weight as would bring doubt upon our former conclusion. I therefore direct a peremptory writ.
Rule for peremptory mandamus granted.