WESTERVELT *vs*. THE PEOPLE *ex relatione* W. S. Sears.

Leasehold estates or *terms for years*, and *chattel interests*, were not within the provisions of the Revised Statutes relative to the *redemption of lands* sold under execution; now, however, by the act of 1837, where *leasehold property*, in which the lessee or his assignee has an *unexpired term of at least five years*, is sold under execution, the property may be redeemed—so, also, where the lessee or assignee is possessed of any building erected on the demised premises.

ERROR from the supreme court. Westervelt, as sheriff of the city and county of New-York, by virtue of several writs of *fieri facias*, on 28th February, 1834, sold *all the interest* of the defendants in the execution, in certain *leasehold premises*, which had been demised on 21st March, 1833, *for the term of twenty-one years*, to *W. S. Sears* for the sum of $400, who paid the amount of the bid, and claimed an *absolute assignment* of the premises purchased. The sheriff refused to give him any thing more than a mere certificate of sale. Subsequently, one *Storm* appeared and claimed the right to redeem the premises under a purchase made by him of the defendants in the execution, who had executed to him an assignment on the day that the premises were sold by the sheriff. The sheriff permitted *Storm* to redeem. The relator refused to receive the redemption money, and applied to the supreme court for a *mandamus*, commanding the sheriff to execute to him a deed of assignment of the premises. The *mandamus* was granted. See opinion of Judge COWEN, delivered in supreme court, 17 *Wendell*, 675, *et seq*. The sheriff sued out a writ of error. The cause was argued here by

*T. R. Green*, for the plaintiff in error.

*S. Stevens*, for the relator in supreme court.

After advisement, the following opinions were delivered :

Westervelt *v.* The People.

By the CHANCELLOR. The question presented in this case is, whether, previous to the act of May, 1837,* a *term for years* in real estate was subject to redemption from a sheriff's sale, under the general provisions of the Revised Statutes ; and whether it was so or not, depends upon the true construction and meaning of the term *real estate*, as used by the legislature, in the article of the Revised Statutes relative to executions against property : particularly in the forty-second and the several following sections of that article. 2 *R. S.* 370. The act of 1837, so far as a mere legislative construction can be used for the purpose of explaining the meaning of a previous statute, has disposed of that question ; but as this case arose previous to that act, it becomes necessary for this court to examine the question as to the correctness of that construction.

The term *real estate*, when applied to an interest in lands or other real property, includes all estates or interests in such real property, which are held for life or some greater estate, but does not embrace terms for years and other chattel interests in land, which, as between the heirs at law and the personal representatives, belong to the latter, upon the death of the owner thereof. Hence it was settled that the act of 1813, which declared that judgments recovered in courts of record to be a lien, upon all the lands, tenements and real estate of the judgment debtor must be docketed, did not make the judgment a lien upon terms for years and other chattels real. *Putnam* v. *Westcott*, 19 *Johns. R.* 73. *Merry* v. *Hallett*, 2 *Cowen's R.* 497. The Revised Statutes, however, have unquestionably extended the lien of judgments and decrees to all such chattel interests in lands or other real property, by the addition of the term *chattels real* to describe such interests, 2 *R. S.* 182, § 96, 101 ; *id.* 359,

* The alternative *mandamus* in this case was granted in November, 1836, and at the ensuing session of the legislature, a law was passed extending the provisions of the *Revised Statutes* relative to the sale and redemption of real estate to *leasehold property*, where the lessee or his assignee has an unexpired term of at least five years; and also where the lessee or assignee is possessed of any building or buildings erected on the demised premises. *Statutes, Sess. of* 1837, *p.* 540.

§ 3, 12 ; and the same term is used in the second section of the title of the Revised Statutes relative to executions and the duties of officers thereon. *Id.* 363. But in the second article of that title, which article contains the provisions relative to the redemption of property sold on execution, the terms *goods, chattels* and *real estate* are alone used, leaving it doubtful, in some cases at least, whether terms for years and other chattels real were intended to be embraced by the description of *chattels*, or by the term *real estate*. This latter term, as we have before seen, did not embrace chattel interests in real property according to the common law, and the act of 1813 relative to the lien of judgments. Hence we are left to conjecture, whether the legislature, by the use of the term *real estate*, meant to make such chattel interests, as well as free-hold estates, redeemable when sold on execution. One reason for supposing that such interests were not intended to be embraced and made redeemable under the description of *real estate* is, that none of the provisions relative to redemption apply, either in terms or by necessary implication, to such interests ; and another reason is, that some of those provisions should have been differently framed, if it was intended that such interests should be redeemable ; I allude particularly to the provisions of the 46th and 64th sections. 2 *R. S.* 370, 374. The first, which provides for the redemption of the premises in case of the death of the owner, authorizes a redemption by the *heirs* or *devisees*, who are the proper persons to redeem a descendible freehold interest ; but it makes no provision for the redemption of a term for years, by the personal representatives of the decedent, upon whom the succession in such an interest in real property is cast by law, and in whom the legal title would be vested in case of redemption, for the benefit of the widow and next of kin or legatees. And the 64th section requires the property to be held in trust for the heirs of the purchaser, or the redeeming creditor, where he dies after the sale or redemption of the property, and before the conveyance by the sheriff ; but it makes no provision for the conveyance of a term of years in such a case to the personal representatives, in trust for legatees, or the widow and next of kin who would

Westervelt *v.* The People.

be entitled to such an interest in land, as personal property, under the statute of distributions. On the other hand, the term real estate, in some of the provisions of that article, particularly that which relates to the form of the execution, seems to have been intended to embrace every interest in real property which was subject to the lien of the judgment. 2 *R. S.* 267, § 27.

In this state of uncertainty as to what was the intention of the legislature in relation to the right to redeem chattel interests in land sold under execution, I am disposed to concur with the supreme court in giving the *common law meaning* to the term *real estate* in the provisions of the statute which relate to the redemption of property from such sales ; and, particularly, as the legislature has sanctioned that construction by the act of 1837, and has made a proper provision for all future cases. I shall therefore vote to affirm the judgment of the court below.

By Senator EDWARDS. The question here is whether *Storm,* the purchaser under the defendants in the executions, had a right to redeem. He had not such right unless it is given to him by the statute. The right to redeem is claimed under the 42d § of 2 *R. S.* 293, which declares that upon the sale of *real estate* by virtue of any execution, the officer making the same shall make out and subscribe duplicate certificates of such sale, containing a particular description of the premises sold, the price paid for each distinct lot or parcel, the whole consideration money paid, the time when such sale will become absolute, and that the purchaser will be entitled to a conveyance pursuant to law. The 45th § declares the time when and the terms on which it may be redeemed ; the 46th, 47th, and 48th sections, the persons who may redeem ; and the 49th § the effect of such redemption, which is to render the sale void. The only property this statute has authorized the redemption of, is *real estate* ; and unless it can be shewn that leasehold estate for a term of years is real estate, this was not a case within the provisions of the statute ; Storm had no right to redeem, and by paying the money to the sheriff he did not render the sale void.

I am aware, the definition to real estate has been given ex-ceedingly broad by elementary writers, and at first view it would appear to be sufficiently so to comprise this species of property. *Blackstone* says, that estates real, or things real are such as are permanent, fixed and immoveable. 2 *Black. Comm.* 16, 17. Chancellor *Kent* says, things real consist of lands, tenements and hereditaments. 3 *Kent's Comm.* 401. And in the case of *Van-derburgh* v. *Morris*, 1 *Johns. Cas.* 223, the court seem to assume that *tenements* include leasehold estates, and hence, probably, the inference has been drawn that leasehold estates were real estates. But it is evident the elementary writers, who have given this broad definition to the term *real estate*, never entertained the idea that leasehold estates for years were real estates ; for when *Blackstone* treats of leasehold estates, he says they are called *real chattels*, being an interest issuing out of or being annexed to real estate ; and he describes leasehold estates as possessing one quality of real estate and wanting all the rest, and hence he calls these estates chattels real. 2 *Black. Comm.* 386, 387. Most if not all the elementary writers, when speaking technically of the term *real estate*, confine and limit its meaning to a *freehold estate, Co. Litt.* 19, 20, *a, Perkins*, 114, *Preston on Estates*, 839, *Wood's Inst.* 114, and some of the authors to which I have refer-red exclude, in express terms, leasehold estates. I think, there-fore, we are fully warranted in coming to the conclusion, that the legislature did not intend to embrace leasehold estates within the term real estate, but that they intended to make use of the expression *real estate* in its common, ordinary, well known mean-ing, for they have confined the provisions of the act to the *fee* of the land. The object the legislature appears to have had in view, was the protection of the rights of the owners of the fee of the land, by preventing it from being sacrificed on the sale by judg-ment creditors, and also to protect the equitable rights of judg-ment creditors who did not sell, and their representatives, by affording an opportunity to redeem according to the priority of their liens upon the real estate sold. But the legislature could not have had in view the interest of tenants for years in their

leasehold estates, for judgments were not liens upon these estates. *Vandenburgh* v. *Morris*, 1 *Johns. Cas.* 224. *Merry* v. *Hallett*, 2 *Cowen*, 497. A leasehold for any number of years is only a personal estate, and was bound only from the delivery of the execution, and not from the docketing of the judgment, which has no lien upon it. Besides, it is sold like other personal property. *Brewster* v. *Hill*, 1 *N. Hamp. R.* 350. 5 *Mass. R.* 419.

Our statute seems to recognize this species of property as personalty and not as realty. Hence it has declared leases for years shall be deemed assets, and shall go to the executors or administrators, to be applied and distributed as a part of the personal estate of the testator or intestate. 2 *R. S.* 24, § 6. The statute, in describing the property that may be sold and redeemed, describes it as *real estate* only. § 42. In declaring the time within which it may be redeemed, and the manner of redemption, it describes it as *real estate*, § 45 ; and in so declaring the effect of the redemption after sale, it describes it as *real estate*, § 49. Besides, if leasehold estate or other personalty was intended to be included, why was it not so declared in express terms ? It was too important a portion of estates sold on execution, to have been casually or inadvertently omitted, or left to be inferred from the phraseology made use of in the statute. Again : is it reasonable to suppose the legislature would have selected this species of property on which the judgment was no lien, bound only by the delivery of the execution to the sheriff, and not have extended the right of redemption to all other property bound by the delivery of the execution, when this forms but a small proportion of such property. Nor can it be inferred from the principles on which the act itself is founded ? Leasehold estates are often only from year to year, and frequently less than a year, and then expire ; but by the statute, the right of redemption is from twelve to fifteen months, and if it were intended to be applied to this species of estates, the term would frequently expire before the expiration of the time to redeem ; and as to all such cases, the statute would be perfectly nugatory.

Again: if this species of property was included in the original act, why did the legislature, in the session of 1837, pass an act expressly for the purpose of subjecting the same property to the right of redemption ?

From the best reflection I have been able to give to the case under review, I am decidedly of the opinion that the statute we are considering does not allow the right of redemption on lease-hold estates for years sold on execution, and that the legislature which passed the act did not so intend; that previous to the passing of the act of 1837, it was a chattel interest, and liable to be sold like other chattel interests, without the right of redemption. I am of the opinion, therefore, that the sale is not affected by the redemption, but is still valid, and that it transferred the interest in the unexpired term to the relator, and that, therefore, the judgment of the supreme court should be affirmed.

By Senator VERPLANCK. The only question here is, whether the words *real estate* in the Revised Statutes relating to executions and sales under them, comprehends *terms for years* or chattels real, so as to give the debtor or his assignee a right to redeem.

It is quite clear, that in the sense of the English common law, the term *real estate* did not comprehend *terms for years*, which are chattels real and personal property ; neither did the word *tenements*, though comprehending incorporeal as well as corporeal rights, apply to any estate in them for years only. Some *dicta* of former judges in the courts of this state contradict this, but they are certainly erroneous, if we take the words in their strict common law sense. The authorities collected by Judge Cowen are decisive to this point, if there could be any doubt ; but the usage is uniform in English law.

Yet it appears that a looser sense of the phrases in question had crept into the former legislation of this state, as expounded by several decisions of our supreme court. Had the present case occurred before the revision and re-enactment of those statutes, I should have doubted whether the legislature had not intended to use the words *real estate* in the large and untechnical sense

contended for by the plaintiffs in error. But in the revision of our statutes the strict legal sense of the phrase has been generally restored, and in this very title the words *lands, tenements, real estate* and *chattels real,* are used so as to make the distinction between them. The context, too, and the subsequent provisions as to the redemption, are only applicable to real estate in the old and strict sense. I cannot, therefore, doubt the intention of the legislature or the Revised Statutes to use these technical words of the common law in their strict sense, except where otherwise defined.

The decision of supreme court should be affirmed.

Whereupon the judgment of the supreme court was unanimously AFFIRMED.