By the Court,

Nelson, Ch. J.
The right to redeem turns upon the true construction of the act of May 16th, 1837, (Sess. L. of 1837, p. 540,) as the judgment was not a lien upon a term for years at common law, (7 Wend. 466,) nor within the original redemption law. (17 Wend. 674 ; 20 id. 416.)
The act of 1837 provides that the révised statutes relating to the sale and redemption of real estate “ shall be applicable to *151 the sale and right of redemption of leasehold property, where the lessee, or the assignee of the lessee, shall be possessed of at least jive years unexpired term of the lease, and also of any building that may be erected thereon.”
In the present case, one of the leases will expire on the 1st of January, 1847, and the other on the 1st of May, 1847; both short of five years from the time of the sale, which was on the 14th of February, 1843.
It was suggested on the argument that the time should be calculated from the docketing of the judgment under which the redemption was sought; but I can perceive no ground for that position. The act refers, in respect to time, either to the sale, or to the period of redemption; and the better construction I think is in favor of the former. The legislature intended to give the right of redeeming to the defendant or creditor, in cases where an unexpired term of five years has been sold under the execution.
It was further suggested that the covenant for renewal should be regarded as a virtual prolongation of the term, within a liberal construction of the act. But this would be substituting a mere right resting in contract, for a fixed and definite interest in the land; the only interest or estate which the act mentions or contemplates. ■
I am of opinion that the motion for mandamus should be denied.
Ordered accordingly,.